[No. B130247. Second Dist., Div. Two. Feb. 28, 2000.]

HOWARD JARVIS TAXPAYERS ASSOCIATION, Plaintiff and Appellant, v.
CITY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Jonathan M. Coupal; Law Offices of Richard I. Fine & Associates and Richard I. Fine for Plaintiff and Appellant.

James K. Hahn, City Attorney, Ronald Tuller, Assistant City Attorney, and Judith E. Reel, Deputy City Attorney, for Defendant and Respondent.

OPINION

**BOREN, P. J.**—Appellant Howard Jarvis Taxpayers Association (hereinafter, the Association) brought a taxpayer suit challenging the Home Occupations Ordinance (L.A. Ord. No. 171427) (hereinafter, the Ordinance). The Association alleged that the Ordinance, enacted by respondent City of Los Angeles (hereinafter, the City), extended the City's business tax to persons

engaged in home occupations in the City who previously were not required to pay the tax, and created an annual $25 registration fee (later rescinded) for persons engaged in home occupations. The Association urges that both the former registration fee and the City's policy of imposing its business tax ordinance on those engaged in business in their homes violate Proposition 218.[1]

The trial court granted summary judgment in favor of the City. The court found that the lawsuit was barred by the statute of limitations (former Gov. Code, § 65009, subd. (c)(2), now renumbered by Stats. 1999, ch. 968, as § 65009, subd. (c)(1)(B)), and by the failure to raise first the issue at public hearings held prior to enactment of the Ordinance (Gov. Code, § 65009, subd. (b)(1)). The court further held that persons seeking a refund of taxes must file individual administrative refund claims, rather than a claim on behalf of a group of taxpayers;[2] and that the Ordinance did not impose a fee as an incident of property ownership or impose any new tax subject to the requirements of Proposition 218. We affirm.

FACTUAL AND PROCEDURAL SUMMARY

On November 20, 1996, the City adopted the Ordinance, which amended the City's zoning code to expand, under certain specified conditions, the categories of permitted business occupations in all agricultural and residential zones. The Ordinance provided that those desiring to take advantage of the liberalized zoning code provisions and engage in a newly permitted home-based occupation could register with the City and thereby obtain the assurance that their business activities complied with the City's zoning requirements. Those who registered were charged a $25 registration fee for the purpose, as specified in the Ordinance, of defraying the costs incurred by the City's department of building and safety and the city clerk's office in administering the provisions of the Ordinance.

---

[1]In 1996, California adopted Proposition 218, thereby adding articles XIII C and XIII D to the California Constitution. In pertinent part, the proposition established that "[n]o local government may impose, *extend*, or increase any general tax unless and until that tax is submitted to the electorate and approved by a majority vote" (Cal. Const., art. XIII C, § 2, subd. (b), italics added), and established the same voter approval requirement for any new or existing increased fee or charge (Cal. Const., art. XIII D, § 6, subd. (c)).

[2]We note that where, as here, there is an adequate legal remedy, such as a tax refund, injunctive relief against a tax is inappropriate. (See *Writers Guild of America, West, Inc. v. City of Los Angeles* (2000) 77 Cal.App.4th 475, 479 [91 Cal.Rptr.2d 603].)

The Ordinance became effective on January 4, 1997, and operative 60 days later, on March 5, 1997. On September 27, 1998, the Ordinance was amended to eliminate the registration requirement and the $25 regulatory fee.

The City's business tax is imposed upon almost all businesses operating within the boundaries of the City, pursuant to its business tax ordinance, Los Angeles Municipal Code (hereinafter, LAMC) sections 21.00 through 21.197. As indicated by the declaration of the assistant chief of the tax and permit division of the city clerk's office, the City has never exempted persons from paying a business tax based on the location within the City in which the business was performed, nor on the zone applicable to the building in which the business was performed. It was the policy of the city clerk to issue business tax registration certificates to, and to collect business taxes from, all persons engaged in business in the City, even if those persons conduct business from the residences in violation of the City's zoning provisions.[3] Such nondiscrimination in the collection of taxes is consistent with Charter of the City of Los Angeles section 3(5) (City Charter) which requires that "No discrimination in the amount of license tax shall be made between persons engaged in the same business, other than by proportioning the tax to the amount of business done. . . ."

Moreover, LAMC section 21.08(b) requires that each business tax registration certificate issued state, in pertinent part: "This certificate does not authorize the person to conduct any unlawful business or to conduct any lawful business in an illegal manner or to conduct within the City of Los Angeles the business for which this certificate has been issued without strictly complying with all the provisions of the ordinances of said City . . . . THIS BUSINESS TAX REGISTRATION CERTIFICATE DOES NOT CONSTITUTE A PERMIT." Similarly, LAMC section 21.01 provides, in pertinent part: "No registration certificate or permit issued under the provisions of [the business tax], or the payment of any tax required under the provisions of [the business tax] shall be construed as authorizing the conduct or continuance of any illegal business or of a legal business in an illegal manner."

On October 24, 1997, the Association brought this action to challenge the legality of the Ordinance.

---

[3]As noted by the assistant chief of the tax and permit division, the City's registration requirement in its business tax ordinance applies on its face to all persons conducting business from their residences. "[A] business tax registration certificate must be obtained and a business tax must be paid by *every person* engaged in any of the businesses or occupations specified . . . ." (LAMC, § 21.03, italics added.)

DISCUSSION

I. *The action is barred by the statute of limitations*

■ The statute of limitations applicable to this lawsuit is 90 days, pursuant to former Government Code section 65009, subdivision (c)(2) (now *id.*, subd. (c)(1)(B)), which provides that an action "[t]o attack, review, set aside, void, or annul the decision of a legislative body to adopt or amend a zoning ordinance" must be brought within 90 days "after the legislative body's decision." The 90-day period commences on the date the ordinance becomes effective. (*Hensler v. City of Glendale* (1994) 8 Cal.4th 1, 22 [32 Cal.Rptr.2d 244, 876 P.2d 1043].)

In the present case, the action seeks to void an ordinance that amended the City's zoning code. Therefore, the action had to be brought within 90 days of the Ordinance's effective date. Its effective date was January 4, 1997, and the deadline for bringing suit was thus April 4, 1997. Since the Association waited until October 24, 1997, 293 days after the effective date of the Ordinance, to file this challenge to its legality, the suit is time-barred under the 90-day statute of limitations period.

The Association urges the 90-day statute of limitations period should not apply because it does not directly challenge the Ordinance and does not seek to void it. However, this assertion is belied by the Association's complaint, which specifically seeks to declare the Ordinance "illegal" and "invalid" and to enjoin its enforcement.

The Association also urges that the general three-year limitations period (Code Civ. Proc., § 338, subd. (a)), applicable by its terms to actions "upon a liability created by statute," applies here. However, as explained in *Trend Homes, Inc. v. Central Unified School Dist.* (1990) 220 Cal.App.3d 102 [269 Cal.Rptr. 349], the shortened limitations period applies where, as in the present case, the lawsuit claims that a zoning ordinance violates a constitutional spending limitation.

In *Trend Homes*, the court applied a 120-day limitations period (former Gov. Code, § 54995, repealed by Stats. 1990, ch. 1572, § 4, p. 7494), then applicable to land use and zoning actions, to a lawsuit alleging that a zoning ordinance imposing a fee violated Proposition 13. The court expressly found

the shortened limitations period applicable was a direct response to Proposition 13. The shortened limitations period " 'represent[ed] a legislative recognition that the planning requirements of financially constrained local agencies in post-Proposition 13 California necessitate a relatively short statute of limitations so that local agencies will be promptly informed of any challenges to their ability to collect fees and spend the revenues thereby generated.' " (*Trend Homes, Inc. v. Central Unified School Dist., supra,* 220 Cal.App.3d at p. 109.)

Likewise, contrary to the Association's argument, the alleged violation of the constitutional spending limitations in Proposition 218 does not preclude application of the shortened 90-day limitations period of former Government Code section 65009, subdivision (c)(2) (now *id.,* subd. (c)(1)(B)). The "relatively short limitations periods" applicable to actions challenging zoning provisions "is to permit and promote sound fiscal planning by state and local governmental entities." (*Hensler v. City of Glendale, supra,* 8 Cal.4th at p. 27.) If the Association were permitted to wait three years before suing and then seek a three-year refund of fees and business taxes paid by all persons operating businesses out of their residences, the City's ability to plan fiscally would be improperly compromised.

Moreover, it is well settled that where, as here, a specific limitations period applies, the more general period codified in Code of Civil Procedure section 338 is inapplicable. "[A] specific limitations provision prevails over a more general provision." (*Creditors Collection Service v. Castaldi* (1995) 38 Cal.App.4th 1039, 1043 [45 Cal.Rptr.2d 511].) Where a specific shortened limitations period applies, the general limitations period of section 338 does not apply, since "general statutes of limitation 'are applicable only if no "different limitation is prescribed by statute." ' " (*People ex rel. Dept. of Conservation v. Triplett* (1996) 48 Cal.App.4th 233, 246-247 [55 Cal.Rptr.2d 610].)

Accordingly, the lawsuit is barred by the 90-day statute of limitations in former Government Code section 65009, subdivision (c)(2) (now *id.,* subd. (c)(1)(B)), and summary judgment was properly granted.[4]

---

[4]In view of the statute of limitations bar, it is unnecessary to address a second allegedly fatal procedural defect. We need not discuss the failure to raise the Ordinance's claimed violation of Proposition 218 at public hearings prior to its enactment, as required by statute (Gov. Code, § 65009, subd. (b)(1)), and whether the required public notice given by the City was adequate to apprise the Association of the problem it perceived with the Ordinance.

II. *Causes of action seeking injunctive and declaratory relief are moot, as the $25 fee has been repealed, and the Association filed no adequate administrative claim for a refund of the fee or the City's business tax*

█ Even if the statute of limitations did not bar this litigation, the Association's claim for injunctive and declaratory relief to prevent future collection of the $25 registration fee is moot. The City had revoked the fee requirement several months before its motion for summary judgment. The Association's request for equitable relief was thus rendered moot.

As to the individuals who paid the registration fee and taxes and on whose behalf the Association seeks a refund, the Association is precluded from pursuing such a refund by the failure to file the requisite administrative refund claim.[5] In the only administrative claim submitted by the Association to the City, the claimant was identified as "Lyle Murphy, and all others similarly situated." Lyle Murphy voluntarily dismissed himself as a plaintiff. The only remaining portion of the claim—for "all others similarly situated"—is insufficient to constitute a valid refund claim.

As discussed in *Woosley v. State of California* (1992) 3 Cal.4th 758, 788-790 [13 Cal.Rptr.2d 30, 838 P.2d 758], and *Thomas v. City of East Palo Alto* (1997) 53 Cal.App.4th 1084, 1095 [62 Cal.Rptr.2d 185], class-action-type lawsuits seeking a refund of fees and taxes are barred unless each plaintiff has first filed an administrative refund claim with the City. And, in non-class-action litigation, as here, the court lacks jurisdiction to order refunds to taxpayers who failed to file claims. (*Jordan v. Department of Motor Vehicles* (1999) 75 Cal.App.4th 449, 467 [89 Cal.Rptr.2d 333].) It is well settled that "a judgment may not be entered either for or against one who is not a party to an action or proceeding. [Citations.]" (*Bronco Wine Co. v. Frank A. Logoluso Farms* (1989) 214 Cal.App.3d 699, 717 [262 Cal.Rptr. 899].)

---

[5]LAMC section 21.07 provides that no tax refund shall be made unless a claim for refund is first filed with the City Clerk within a period of one year from the date of the claimed overpayment. Further, City Charter section 376 requires filing an administrative refund claim with the City before suit can be maintained for money or damages. The California Supreme Court has observed that by such provisions the City "prescribes that a claim be presented as a prerequisite to suit for tax refund." (*Volkswagen Pacific, Inc. v. City of Los Angeles* (1972) 7 Cal.3d 48, 63 [101 Cal.Rptr. 869, 496 P.2d 1237].)

The *Woosley* decision and its progeny thus preclude the Association's attempt to recover taxes on behalf of "taxpayers similarly situated to Lyle Murphy."[6]

## DISPOSITION

The judgment is affirmed. The City is entitled to costs on appeal.

Cooper, J., and Mallano, J.,* concurred.

On March 22, 2000, the opinion was modified to read as printed above.

---

[6]It is thus unnecessary to determine: (1) if a triable issue of fact exists as to whether the Ordinance extended an existing tax to home-based businesses not previously taxed, which would thus mandate that the Ordinance satisfy the requirements of Proposition 218; or (2) if, as the City contends, the uncontradicted relevant and admissible evidence established that the city clerk's enforcement of the tax ordinance as to persons working from their homes long predated enactment of the Ordinance.

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.