Filed 6/18/25  Loveless v. City of Pismo Beach CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JACK LOVELESS, et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> CITY OF PISMO BEACH, et al., <br><br> Defendants and Respondents. | 2d Civil No. B336526 <br> (Super. Ct. No. 22CV-0315) <br> (San Luis Obispo County) |

The City of Pismo Beach and the Pismo Beach City Council (collectively respondent) approved the application of Jack and Maria Loveless (appellants) for an Administrative Coastal Development Permit (ACDP or permit) to build an accessory dwelling unit (ADU) above their garage.  Conditions attached to the permit required appellants' countersignature within ten days for the permit to become effective.  Appellants did not sign the permit because they objected to some of its other conditions.  After a public hearing, respondent withdrew the permit, concluding it had never become effective because appellants had not signed it.  Appellants filed a petition for peremptory writ of

mandate to reinstate the permit and to strike the conditions to which they objected.  The trial court sustained respondent's demurrer without leave to amend on statute of limitations grounds after concluding the petition was filed more than 90 days after respondent imposed the conditions at issue.  Appellants contend their petition was timely and, alternatively, that the doctrine of equitable tolling applies.  We affirm.

*Facts and Procedural History*

Appellants applied for an ACDP to build an ADU above their garage.  On October 19, 2021, respondent approved the application and granted the ACDP on several conditions.  The ACDP provided that it would not take effect until signed by appellants within ten days after its approval.  Appellants did not sign the permit because they objected to three of the conditions.

Appellants notified respondent of their objections and requested that the conditions be modified.  They objected to three conditions.  First, respondent required appellants to sign an indemnification agreement holding respondent harmless from all claims relating to the permit including damages, attorneys' fees, and other costs, liabilities and expenses.  Second, respondent required appellants' agreement that the conditions "shall constitute a covenant running with the land owned by [appellants].  This covenant and agreement shall be enforceable by and shall inure to the benefit of [respondent] . . . .  In addition and without limiting the foregoing, any violation is declared to be unlawful and shall constitute a misdemeanor and a public nuisance."  Third, respondent required appellants to dedicate a portion of the property to respondent.

Ten days after respondent first issued the permit, a local interest group, Protect Shell Beach (PSB), filed a writ

2

petition and complaint for declaratory and injunctive relief against respondent, alleging the permit was unlawful. Appellants were named as real parties in interest. (*Protect Shell Beach v. City of Pismo Beach, et. al.,* case no. 21CV-0613.) The PSB writ petition included no allegations relating to conditions imposed by respondent. Respondent requested that appellants indemnify and defend it in the PSB litigation. Appellants refused. Respondent never filed a response to PSB's writ petition.

Respondent held a public hearing on March 9, 2022 to consider whether to withdraw the ACDP. Appellants' counsel argued at the hearing that the conditions were overbroad and indicated that, in the PSB matter, appellants would seek to modify or strike the objectionable conditions but otherwise to uphold the permit. On March 16, 2022, respondent notified appellants that its approval of the ACDP was withdrawn because appellants had never signed it. Respondent concluded, "The court [in the PSB matter] cannot rule on a permit that never became effective, and you are beyond the time limit to challenge the conditions of the permit. The Permit never having become effective by its own terms, the approval previously granted is hereby withdrawn, effective immediately."

PSB dismissed its writ petition with prejudice on June 7, 2022, over appellants' objections. Nevertheless, appellants filed a cross-complaint and writ petition in that action (case no. 21CV-0613) on June 13, 2022. The filing was rejected.

The next day, June 14, the San Luis Obispo Couty Superior Court entered an order striking the dismissal of the PSB lawsuit. However, on June 17, the same court entered another order declaring that, "[T]he order striking the dismissal

3

was improvidently entered." The original order dismissing case no. 21-CV-0613 was reinstated. Six days later, on June 23, 2022, appellants filed their petition for peremptory writ of mandate as a separate lawsuit. (*Loveless, et al. v. City of Pismo Beach, et al.*, case no. 22CV-0315.) They filed an amended petition the next day. Respondents were served on June 30, 2022.

The trial court in case no. 22CV-0315 sustained with leave to amend respondent's demurrer to the amended writ petition on statute of limitations grounds. It later sustained their demurrer to the second amended petition for the same reason. The trial court concluded the limitations period began to run on October 19, 2021, when respondent imposed the objectionable conditions on its approval of the ACDP. It further concluded the doctrine of equitable tolling did not apply. Thereafter, the trial court entered judgment in favor of respondent.

*Contentions*

Appellants contend the trial court erred when it found their writ petition was barred by the 90-day statute of limitations in Government Code section 65009.[1] They contend the limitations period did not begin to run until March 16, 2022, when respondent withdrew its approval of the permit. Alternatively, appellants contend the statute of limitations was equitably tolled by their participation in the PSB lawsuit and their correspondence with respondent regarding their objections to the permit conditions.

---

[1] All statutory references are to the Government Code unless otherwise stated.

*Discussion*

Government Code section 65009, subdivision (c)(1) provides, "[N]o action or proceeding shall be maintained in any of the following cases by any person unless the action or proceeding is commenced and service is made on the legislative body within 90 days after the legislative body's decision: . . . (E) . . . to determine the reasonableness, legality, or validity of any condition attached to a variance, conditional use permit, or any other permit." (*Id.*, subd. (c)(1)(E).)

This short limitations period was intended by the Legislature to provide local governments and property owners with certainty about the validity of land use decisions and whether they can proceed with projects. (*Fix the City, Inc. v. City of Los Angeles* (2024) 100 Cal.App.5th 363, 373.) In light of this legislative purpose, "Courts take a restrictive approach to applying section 65009's limitations period . . . . For example, '[e]ven if a petition is timely filed under Government Code section 65009, subdivision (c), if it is not personally served as required by statute, the petition must be dismissed.'" (*Ibid.*, quoting *Royalty Carpet Mills, Inc. v. City of Irvine* (2005) 125 Cal.App.4th 1110, 1119 (*Royalty Carpet Mills*).)

To pinpoint when the limitations period begins to run, we must "determine what specific governmental act" appellants are challenging. (*County of Sonoma v. Superior Court* (2010) 190 Cal.App.4th 1312, 1324.) "To do so, courts examine the nature of the party's claims. The true nature of those claims may be found by looking to the allegations of the pleadings and to the relief requested in the court below." (*Ibid*; see also *Urban Habitat Program v. City of Pleasanton* (2008) 164 Cal.App.4th 1561, 1576.) Where a party challenges conditions attached to a permit,

5

the limitations period runs from the date of final administrative action on the permit. (*Travis v. County of Santa Cruz* (2004) 33 Cal.4th 757, 767; *County of Sonoma v. Superior Court, supra*, 190 Cal.App.4th at p. 1324.)

Here, appellants' writ petition alleges that they are challenging respondent's decision "to revoke the Permit previously granted to Petitioner on the ground that Petitioner failed to sign unlawful conditions . . . ." The revocation was allegedly an abuse of discretion because the conditions attached to the permit were "unlawful," "government overreach," "overbroad and overreaching," and "not reasonable in relation to the public health and safety interest being protected." Appellants' prayer for relief requests that the trial court command respondent "to revoke its legislative decision made on March 16, 2022 where the respondent withdrew the [ACDP] previously granted on the ground that the [ACDP] was not countersigned and the statute of limitation to challenge the validity of the conditions has expired." Appellants further request that respondent approve the [ACDP] "without any unlawful conditions attached."

Like the trial court, we conclude the true nature of appellants' claims is a challenge to the conditions imposed by respondent on the permit. While the writ petition alleges that appellants are challenging the revocation of the permit, it also alleges that the revocation was based solely on appellants' failure to countersign the permit conditions. Respondent imposed those conditions, and the countersignature requirement, on October 19, 2021. The hearing on March 9, 2022 was held to determine whether the permit ever became effective given appellants'

6

failure to sign it, not to determine whether the conditions should be modified or rescinded.

Ultimately, then, the writ petition challenges conditions respondent imposed on the permit, not respondent's decision to revoke it. Those conditions were imposed on October 19, 2021. Appellants' writ petition was filed more than 90 days later, on June 13, 2022. The trial court correctly determined the petition is untimely under section 65009.

As respondent notes, the petition is untimely even if the limitations period began to run on March 16, 2022, the date respondent notified appellants of its decision that the permit had never become effective and had therefore expired. Appellants filed their writ petition 97 days later, on June 23, 2022. They served respondent on June 30, 2022. Consequently, the petition must be dismissed because it was not personally served within the time provided by statute. (*Royalty Carpet Mills, supra,* 125 Cal.App.4th at p. 1119.)

The doctrine of equitable tolling does not save the petition. A statute of limitations may be equitably tolled when the "'"injured person has several legal remedies and, reasonably and in good faith, pursues one."'. . .' The purpose of equitable tolling is to 'ease[] the pressure on parties "concurrently to seek redress in two separate forums with the attendant danger of conflicting decisions on the same issue."'" (*Long v. Forty Niners Football Co., LLC* (2019) 33 Cal.App.5th 550, 555.) For the doctrine to apply, three elements must be present: "timely notice to the defendant, lack of prejudice to the defendant, and reasonable and good faith conduct by the plaintiff." (*Saint Francis Memorial Hospital v. State Dept. Of Public Health* (2020) 9 Cal.5th 710, 725-726.)

7

Appellants failed to allege facts establishing that they pursued any legal or equitable remedy during the limitations period or that they provided respondent with timely notice of their intent to do so. For example, appellants were named as real parties in interest in the PSB litigation but did not timely file a cross-petition asserting their objections to the permit conditions. It was only after PSB moved to dismiss their petition in light of the March 9 hearing that appellants made their unsuccessful attempt to file their cross-petition.

Similarly, appellants' September 2021 correspondence with respondent's planning staff did not provide respondent with notice that appellants intended to file suit. Instead, appellants' counsel outlined their objections to the permit conditions and asked respondent to consider modifying those conditions without mentioning their plan to seek independent writ relief.

Respondent's alleged assurances that it would "defend the permit" in the PSB litigation, and appellants' attempt to file a cross-petition in that matter (case no. 21CV-0613) do not equitably toll the limitations period. Appellants knew PSB's writ petition had already been dismissed when they attempted to file their cross-petition in that matter. When that filing was rejected, they waited six more days before filing essentially the same document as a separate writ petition, initiating the instant matter, case no. 22CV-0315, seven days outside the 90-day limitations period.

Moreover, appellants have cited no authority for the proposition that the timeliness of one writ petition (e.g., case no. 21CV-0613) can equitably toll the limitations period for filing a separate writ petition. We are aware of no such authority. In any event, appellants did not file a timely cross-petition or otherwise

8

challenge the permit conditions in the PSB matter within the 90-day period. The filing of that writ petition cannot equitably toll the statute of limitations for this one. Under these circumstances, the trial court correctly declined to excuse appellants' untimely complaint by applying the doctrine of equitable tolling.

Finally, the trial court did not abuse its discretion when it denied appellants' further leave to amend their petition. No amendment can change the date on which respondent imposed the conditions or the date on which appellants personally served respondent with their writ petition. Appellants' claim is time-barred and the trial court properly sustained respondent's demurrer without leave to amend.

*Conclusion*

The judgment is affirmed. Respondent shall recover its costs on appeal.


NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P. J.


CODY, J.


9

Rita Federman, Judge

Superior Court County of San Luis Obispo

_____

Burnham Brown and Charles A. Alfonzo, for Plaintiffs and Appellants.

Richards, Watson & Gershon and Dave Fleishman, Ginetta Giovinco, Steven A. Nguy, for Defendants and Respondents.